William R. Fix, W.S.B. #5-1908
Jessica Simons, W.S.B. #7-5594
**Fix Law Office**
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
jessica@fixlawoffice.com
*Attorneys for Plaintiffs*



IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

NINTH JUDICIAL DISTRICT

| | |
|---|---|
| PAUL WOODIE, KIM WOODIE, and BIG BEAR TOWING & REPAIR, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY and NATIONAL INDEMNITY COMPANY, <br><br> Defendants. | Case No. 17841 |

## COMPLAINT

COME NOW the Plaintiffs, Paul Woodie and Big Bear Towing & Repair, LLC, by and through counsel undersigned, and for their complaint against Defendants Berkshire Hathaway Homestate Insurance Company and National Indemnity Company, state and allege as follows:

### NATURE OF ACTION

1. Plaintiff Paul Woodie (hereinafter sometimes referred to as "Mr. Woodie" or "Plaintiff Woodie") is a resident and citizen of the State of Idaho.

2. Plaintiff Kim Woodie (hereinafter sometimes referred to as "Mrs. Woodie" or "Plaintiff Kim Woodie") is a resident and citizen of the State of Idaho.

3. Plaintiff Big Bear Towing & Repair, LLC, (hereinafter sometimes referred to as "Plaintiff Big Bear") is a limited liability company organized and existing under the laws of the State of Wyoming, with its principal place of business in the State of Wyoming.

4. Plaintiffs Paul Woodie, Kim Woodie, and Big Bear Towing & Repair, LLC, are hereinafter sometimes referred to collectively as "Plaintiffs." Paul Woodie is the managing member of Big Bear Towing & Repair, LLC.

Exhibit A

5. On information and belief, Plaintiffs assert that all times relevant hereto, Defendant Berkshire Hathaway Homestate Insurance Company (hereinafter sometimes referred to as "Defendant Berkshire Hathaway" or collectively with Defendant National Indemnity Company as "Defendants") was and is an insurance company incorporated in the State of Nebraska, with its principal place of business in the State of Nebraska.

6. Defendant National Indemnity Company (hereinafter sometimes referred to as "Defendant" or "Defendant National Indemnity"), was and is an insurance company incorporated in the State of Nebraska, with its principal place of business in the State of Nebraska.

7. On information and belief, Defendant National Indemnity Company is a subsidiary of Defendant Berkshire Hathaway Homestate Insurance Company.

8. Plaintiff Woodie, Plaintiff Kim Woodie, and Plaintiff Big Bear Towing (hereinafter sometimes referred to collectively as "Plaintiffs") were insured under an insurance policy issued by Defendant Berkshire Hathaway Homestate Insurance Company.

9. Defendants sought to provide insurance to Plaintiffs under **Policy Number 02 GHM 000546-01**, effective from August 28, 2013 to August 28, 2014.

## UNDERLYING CLAIM

10. Plaintiffs realleage each and every allegation contained in paragraphs 1 through 9, as if fully set forth here.

11. Plaintiffs are engaged in the business of automobile towing and repair.

12. Plaintiffs entered into an agreement with Daniel Rimer wherein Rimer would perform towing services as an independent contractor.

13. On July 8, 2014, Rimer was involved a minor automobile collision for which he claimed serious and long-lasting injuries.

14. This minor automobile collision took place during the policy period that the Defendants agreed to provide coverage to the Plaintiffs.

15. Prior to the alleged accident, Rimer suffered from a multitude of pre-existing injuries.

16. Rimer failed to ever advise Mr. Woodie or any other representative of Big Bear Towing & Repair, LLC, that he had been injured in the accident.

17. Unbeknownst to Plaintiff Big Bear Towing & Repair, LLC, Paul Woodie, or Kim Woodie, Rimer made a claim under the insurance policy issued by Defendants Berkshire Hathaway and National Indemnity.

18. Defendants failed to notify Plaintiffs of this claim.

19. In September of 2016, Rimer received over $550,000.00 as a settlement pursuant to the UIM coverage of Plaintiffs' insurance policy which was issued by Defendants.

20. Yet again, the Defendants failed to notify the Plaintiffs of this settlement.

21. On or about September 19, 2016, the Defendants and Rimer entered into a settlement agreement without the knowledge or consent of Plaintiffs. Defendants fully protected their own financial interests but did nothing to protect the financial interests of the Plaintiffs.

22. Rimer reaped the benefits of the insurance policy paid for not by him but by Plaintiffs Paul Woodie Big Bear Towing & Repair, LLC, without ever notifying Big Bear Towing & Repair, LLC, Paul Woodie, or Kim Woodie that he was advancing an underinsured motorist claim under the Berkshire Hathaway policy of insurance.

23. In addition, to the UIM claim Rimer also made a claim to Wyoming Workers' Compensation for his alleged injuries.

24. In 2017, Plaintiffs began to receive notices of a lien from the State of Wyoming Department of Workforce Services (Wyoming Worker's Comp) that a subrogation lien existed against Plaintiffs as a result of the settlement reached by Rimer and the defendant insurance companies.

25. The Plaintiffs made multiple requests to the Defendants for information regarding that settlement.

26. The Defendants unreasonably denied such requests.

27. Over the course of the last several months, Plaintiffs have received notices from the State of Wyoming Department of Workforce Services asserting a lien against Plaintiff Big Bear Towing & Repair, LLC, in excess of $150,000.00 to Workers' Compensation for benefits paid by Workers' Compensation to Daniel Rimer.

28. In addition to defending the claim filed by Worker's Comp, Plaintiffs have also been engaged in protracted litigation in the matter of *Daniel Rimer v. Big Bear Towing & Repair, LLC; Teton County Civil Action No. CV-2018-65.*

29. As a direct and proximate result of the acts and omissions of the Defendants and their agents and representatives, Plaintiffs have been engaged in protracted litigation in order to preserve their financial interests.

30. The lien asserted by the State of Wyoming is a cloud on the title of Plaintiffs' business property and name and a serious black mark to Plaintiffs' credit and reputation.

31. Plaintiffs entered into the relationship with Defendants in good faith and timely paid their insurance premiums for years.

32. Defendants and their agents and representatives have breached the subject insurance contract and the implied covenants of good faith and fair dealing.

### COUNT I: BREACH OF CONTRACT

33. Plaintiffs realleage each and every allegation contained in paragraphs 1 through 32, as if fully set forth here.

34. As described above, Defendants entered into binding, written agreements to provide liability insurance and excess liability insurance to Plaintiffs as insureds under the above-referenced Berkshire Hathaway insurance policy.

35. Defendants had a duty to the Plaintiffs to provide insurance coverage and indemnify these Plaintiffs as to damages arising out of the claims of the claimant, Daniel Rimer, and Wyoming Worker's Compensation, pursuant to the primary and/or excess policies.

36. These Plaintiffs fully performed their obligations under the policies by paying premiums in full and on a timely basis, and by providing timely notice to Defendants. These Plaintiffs have satisfied any conditions precedent to coverage under these policies.

37. Defendants have materially breached the insurance policies by refusing to perform their contractual obligations.

38. Specifically, Defendants have breached their contractual obligations by refusing to indemnify for damages related to the Rimer claim. Defendants' refusal to perform is not excused or justified in any manner.

39. Defendants have also breached their duty to act in good faith and to deal fairly with these Plaintiffs.

40. As a result of Defendants' breaches of its insurance policies, Plaintiffs have been damaged and are entitled to recover damages from the insurers in an amount to be determined at trial, specifically including, but not limited to, damages that may be ordered to pay as a result of any judgments that may be entered against these Plaintiffs, as well as costs and attorneys' fees to enforce the coverage obligations of Defendants as allowed under W.S. §26-15-124.

## COUNT II: BAD FAITH – BREACH OF INSURANCE CONTRACT

41. Plaintiffs realleage each and every allegation contained in paragraphs 1 through 40, as if fully set forth here.

42. Every contract or policy of insurance contains implied covenants of good faith and fair dealing owed by the insurer to the insured.

43. The insurance policy sold by Defendants to Plaintiffs contains implied covenants of good faith and fair dealing owed by Defendants to their respective insureds.

44. Defendants' acts and omissions have had negative financial ramifications to Plaintiffs and their family business.

45. Plaintiffs had to sell a portion of their business to protect the continued viability of the business.

46. Defendants' handling of the Rimer claim was done with knowledge of or in reckless disregard to Plaintiffs' pecuniary interests and those of their family business including, but not limited to, the following acts or practices constituting bad faith:

   a. Failing to timely and adequately communicate with Plaintiffs;

   b. Failing to thoroughly and timely investigate Rimer's claims;

   c. Exposing Plaintiffs to ruinous financial consequences;

   d. Failing to protect Plaintiffs' financial interests;

   e. Compelling these Plaintiffs to defend and institute litigation and to incur attorney fees and other costs in order to protect their family business; and

   f. Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under the insurance policies and/or to provide information to Plaintiffs.

47. Defendants either knew their acts as shown in the foregoing allegations were unreasonable and in bad faith or recklessly disregarded the fact that their acts were unreasonable and in bad faith.

48. Defendants settled the Rimer claim for the policy limits of the primary policy without notice to Plaintiffs.

49. Defendants settled the claims made by Daniel Rimer but denied any obligation to indemnify Plaintiffs for damages asserted by the Wyoming Worker's Compensation and/or Daniel Rimer.

50. Defendants' acts and omissions exposed these Plaintiffs to the risk of judgments and other adverse financial ramifications.

51. Defendants' unreasonable acts and bad faith misconduct have caused damages to these Plaintiffs in an amount to be determined at trial.

### COUNT III: BREACH OF THE COVENANTS OF GOOD FAITH AND FAIR DEALING

52. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 51 as if fully set forth here.

53. Defendants have breached their duty to act in good faith and to deal fairly with the Plaintiffs.

54. Defendants have breached the express and implied covenants of good faith and fair dealing.

### COUNT IV: ATTORNEY FEES AND PREJUDGMENT INTEREST

55. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 54 as if fully set forth here.

56. Plaintiffs have incurred attorneys' fees in order to defend and save the family business.

57. Pursuant to W.S. §26-15-124(c), these Plaintiffs are entitled to an award of reasonable attorneys' fees and interest at ten percent (10%) per year.

### COUNT V: PUNITIVE DAMAGES

58. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 57 as if fully set forth here.

59. The decision by Defendants to fail to indemnify Plaintiffs against the claims of Rimer and Wyoming Worker's Compensation are unsupported by any reasonable facts or interpretation of the policy documents.

60. The conduct of the Defendants amounts to willful and wanton misconduct intentionally engaged in, in violation of the express terms and conditions of the insurance policies for which Defendants were fully compensated.

61. The conduct of Defendants was done for the sole purpose of protecting Defendants' financial well-being, without regard to Defendants' obligations to protect the interests of its insureds and with full knowledge that Defendants' conduct could likely result in financial ruin to Plaintiffs.

62. Defendants' misconduct is such as to warrant an award of punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs Paul Woodie and Big Bear Towing & Repair, LLC, pray that the Court enter judgment for and on behalf of these Plaintiffs and against Defendants Berkshire Hathaway Homestate Insurance Company and National Indemnity Company, as follows:

1. That the Court award actual, compensatory and consequential damages in an amount to be proven at trial;
2. That the Court award to Plaintiffs all statutory damages available per statute in an amount to be determined at trial;
3. That the Court award to Plaintiffs punitive damages in amount to be proven at trial;
4. Pre-judgment and post-judgment interest as allowed by law;
5. Costs for pursuing this lawsuit, including attorney fees as allowed by law;
6. For the return of all premiums paid under the insurance policy; and
7. For such other and further relief as this Court deems fair and equitable.

DATED this 28th day of September, 2018.

William R. Fix, W.S.B. #5-1908
Fix Law Office
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
fixlawoffice@gmail.com
*Attorneys for Plaintiffs*

 

William R. Fix, W.S.B. #5-1908
Jessica Simons, W.S.B. #7-5594
**Fix Law Office**
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
jessica@fixlawoffice.com
*Attorneys for Plaintiffs*

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

NINTH JUDICIAL DISTRICT

| | |
|---|---|
| PAUL WOODIE, KIM WOODIE, and BIG BEAR TOWING & REPAIR, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY and NATIONAL INDEMNITY COMPANY,<br><br>Defendants. | Case No. 17841 |

To the above-named defendant:

Berkshire Hathaway Homestate Insurance Company
℅ Berkshire Hathaway Global Insurance Services, LLC
Corporation Service Company, Registered Agent
1821 Logan Ave.
Cheyenne, WY 82001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon Plaintiffs' attorney an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the State of Wyoming, you are required to file and serve your answer to the Complaint within thirty (30) days after service of this summons upon you, exclusive of the day of service.) If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_Anne C Sutton_                    _10/10/2018_
Clerk                                              Date

_Jee Smith_
By Deputy Clerk




William R. Fix, W.S.B. #5-1908
Jessica Simons, W.S.B. #7-5594
**Fix Law Office**
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
jessica@fixlawoffice.com
*Attorneys for Plaintiffs*

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

NINTH JUDICIAL DISTRICT

| | |
|---|---|
| PAUL WOODIE, KIM WOODIE, and BIG BEAR TOWING & REPAIR, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 17841<br>) |
| BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY and NATIONAL INDEMNITY COMPANY, | )<br>)<br>)<br>) |
| Defendants. | ) |

To the above-named defendant:

National Indemnity Company
℅ Berkshire Hathaway Global Insurance Services, LLC
Corporation Service Company, Registered Agent
1821 Logan Ave.
Cheyenne, WY 82001

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon Plaintiffs' attorney an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service.  (If service upon you is made outside of the State of Wyoming, you are required to file and serve your answer to the Complaint within thirty (30) days after service of this summons upon you, exclusive of the day of service.)   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_Anne C. Sutton_    _____
Clerk                             Date

_Jill Smith_
By Deputy Clerk

Summons - National Indemnity Company/
Berkshire Hathaway Global Insurance Services, LLC
*Paul Woodie, Kim Woodie, and Big Bear Towing & Repair, LLC v.*
*Berkshire Hathaway Homestate Insurance Company and National Indemnity Company*
Page 1

# CIVIL COVER SHEET

This civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law. This form, approved by the Wyoming Supreme Court, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM)

## I. CAPTION

Paul Woodie, Kim Woodie and Big Bear Towing & Repair, LLC, c/o
William R. Fix, P.O. Box 297, Jackson, WY 83001
**Plaintiff Name and Current Address**

Docket # 17841

v.
Berkshire Hathaway Homestate Insurance Company and National Indemnity Company
**Defendant.**

## II. NATURE OF SUIT (Place an "X" in One Box Only)

### GENERAL CIVIL

**CONTRACT**
- [ ] Business Organization Litigation
- [ ] Com. Const. Contract Litigation
- [X] Contract Other (not Debt Collection)

**TORT**
- [ ] PI or WD - Environmental or Toxic Tort
- [ ] PI or WD - Fed Employer Liability Act
- [ ] PI or WD - Medical Malpractice
- [ ] PI or WD - Product Liability
- [ ] PI or WD - Vehicular
- [ ] Personal Injury Unspecified
- [ ] Property Damage
- [ ] Tort Unspecified
- [ ] Wrongful Termination of Employment

**CIRCUIT COURT**
- [ ] Small Claims
- [ ] Forcible Entry and Detainer
- [ ] Stalking Protection Order
- [ ] Family Violence Protection Order
- [ ] Sexual Assault Protection Order

**DISSOLUTION OF MARRIAGE**
- [ ] Divorce w/Minor Children
- [ ] Divorce w/o Minor Children
- [ ] Judicial Separation
- [ ] Annulment

**DOMESTIC RELATIONS**
- [ ] Custody/Parental Visitation
- [ ] Grandparental Visitation
- [ ] Paternity
- [ ] Child Support/Parental Contribution
- [ ] Child Support w/ Paternity
- [ ] UIFSA w/Paternity
- [ ] UIFSA
- [ ] Dom Register Foreign Judgment
- [ ] TPR State/DFS
- [ ] TPR Family/Private

**PROPERTY**
- [ ] Property with Mineral Rights
- [ ] Property w/o Mineral Rights

**PROBATE**
- [ ] Ancillary Admin/Foreign Prob
- [ ] Decree of Title Distribution
- [ ] Determination of Heirship
- [ ] Letters of Administration
- [ ] Estate Unspecified
- [ ] Summary Probate
- [ ] Testate/Intestate Estate
- [ ] Will Only Filings
- [ ] Trust Matters
- [ ] Guardianship
- [ ] Conservatorship
- [ ] Guardian & Conservatorship

**ADOPTION**
- [ ] Adoption
- [ ] Confidential Intermediary

### OTHER CIVIL
- [ ] Appointment/Removal of a Fiduciary
- [ ] Arbitration Award Confirmation
- [ ] Birth Certificate Amendment/Establishment
- [ ] Debt Collection
- [ ] Declaratory Judgment
- [ ] Emancipation of Minor
- [ ] False or Frivolous Lien
- [ ] Foreign Judgment
- [ ] Foreign Protection Order/Foreign Stalking Order
- [ ] Forfeiture of Property
- [ ] Governmental Action Environmental Case
- [ ] Injunction
- [ ] Material Witness/Foreign Subpoena
- [ ] Name Change
- [ ] Involuntary Hospitalization
- [ ] Public Nuisance
- [ ] Specific Relief
- [ ] Structured Settlement Protection Act
- [ ] Successor to Civil Trust Appointment
- [ ] Transcript of Judgment
- [ ] Writ of Habeas Corpus
- [ ] Writ of Mandamus
- [ ] Writ of Replevin
- [ ] Unspecified

## III. RELATED CASE(S) IF ANY (see instructions)

Docket No. _____ Judge _____ Court (if different) _____
Docket No. _____ Judge _____ Court (if different) _____

## IV. $ AMOUNT IN CONTROVERSY, (estimated) (see instructions)

$ 6,000,000.00

_(signature)_   9/28/18
**SIGNATURE OF ATTORNEY OF RECORD OR PRO SE LITIGANT**   **DATE**

Exhibit B