

FILED
2:48 pm, 6/24/19
**Stephan Harris**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| PAUL WOODIE, KYM WOODIE and BIG BEAR TOWING & REPAIR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY,<br><br>Defendant, | Case No. 18-CV-188-F |

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendant Berkshire Hathaway Homestate Insurance Company's (Homestate's) Motion for Judgment on the Pleadings. CM/ECF Document No. (Doc.) 31. The Court has reviewed the motion, response (Doc. 33), and reply (Doc. 37), and is fully informed in the premises. The Court concludes Plaintiff's First Amended Complaint (FAC) states no claim that Homestate breached the insurance policy it issued to Plaintiff Big Bear Towing and Repair, LLC (Big Bear) in adjusting and settling an underinsured motorist (UIM) claim made by Daniel Rimer who was an insured under the terms of the policy because he occupied a covered auto at the time of an accident causing bodily injury. Plaintiffs' complaint that Homestate had a contractual duty to notify

1

and include them in the adjustment and settlement process with the insured, Rimer, finds no support in the terms of the policy or Wyoming case law. Further, the FAC states no claim that Homestate engaged in procedural bad faith or violated the covenant of good faith a fair dealing by failing to notify and protect Plaintiffs from liability under Wyoming law for recovery by the State of worker's compensation benefits paid to Rimer. That liability arises by operation of law because Big Bear was delinquent in making payments for worker's compensation coverage. It was not a consequence, collateral or otherwise, of Homestate's adjustment and settlement of Rimer's UIM claim. Therefore, Homestate's Motion for Judgment on the Pleadings is granted.

## Uncontested Factual Allegations and Procedural History

Plaintiffs Paul Woodie and Kym Woodie (the Woodies) and Big Bear (collectively, Plaintiffs) bring this suit in response to the alleged failure of Homestate[1] to notify and defend them of claims related to an automobile accident involving Daniel Rimer, an individual under contract with Plaintiffs to perform towing services as an independent contractor. Doc. 18 at ¶ 16. Through Big Bear, Plaintiffs are engaged in the business of vehicle towing and repair. *Id.* at ¶¶ 4, 15. On July 8, 2014 and during the policy period, Rimer was involved in an accident for which Rimer claimed serious and permanent injury. *Id.* at ¶ 17. However, Rimer never notified Plaintiffs that he was injured in the accident. *Id.* at ¶ 20.

---

[1] Plaintiffs also brought suit against National Indemnity Company. The Court dismissed this party by Order entered on April 15, 2019. Doc. 28. Consequently, National Indemnity Company will not be discussed in this Order.

Because of the accident, Rimer made a claim against the company insuring the driver of the other vehicle involved in the accident (the tortfeasor) and recovered $100,000.00 from that company. Doc. 33-1, p. 27, ¶ 3. Unbeknownst to Plaintiffs, Rimer also made an underinsured motorist (UIM) claim under an insurance policy issued by Homestate to Plaintiffs which was in effect on the date of the accident. Doc. 18 at ¶ 21. According to the Woodies, Homestate failed to inform them of this UIM claim. *Id.* at ¶ 22.

Significant to this litigation, the Wyoming Department of Workforce Services, Worker's Compensation Division (the Division) made worker's compensation payments to, or on behalf of Rimer, because of his alleged injury. *Id.* at ¶ 27; Doc. 33-1, p. 27. Under Wyoming law, the Division has a statutory lien for reimbursement of worker's compensation benefits paid to or on behalf of an employee, up to one-third of the total proceeds of any recovery made from a third party. Wyo. Stat. Cannot. § 27-14-105. Because Rimer recovered damages from the tortfeasor's insurance company and made a UIM claim under Plaintiff's policy, the Division first turned to Rimer for recovery on its statutory lien. Doc. 33-1, pp. 27-29. On September 12, 2016, Rimer and the Division settled to release the worker's compensation lien, by Rimer stipulating to pay the Division $55,000.00. *Id.* That payment afforded Rimer a full release from any further liability to the Division relating to Rimer's recovery from Homestate. *Id.*

On September 19, 2016, Rimer executed a release with Homestate to recover $550,000.00 "as a settlement pursuant to [UIM coverage] of Plaintiffs' insurance policy." Doc. 18 at ¶ 23; Doc. 33-1, pp. 24-25. The UIM payment released and indemnified

3

Homestate from any claim "and lien" in relation to the injuries arising from the accident. Doc. 33-1, p. 24. According to Plaintiffs, Homestate again failed to inform the Woodies of this settlement and release. *Id.* at ¶ 24.

After the settlement, the Division began notifying the Woodies that a lien existed against Big Bear for worker's compensation benefits paid to Rimer because Big Bear was delinquent on its worker's compensation account at the time Rimer was injured. Doc. 17-4 & Doc. 18 at ¶ 28; *see also* Wyo. Stat. Ann. § 27-14-203(a).[2]

Based on these events, Plaintiffs filed this suit in State court contending Homestate had a duty to notify and defend them against damages associated with Rimer's claims. *Id.* Plaintiffs allege relief under three causes of action: breach of contract, insurance bad faith, and breach of the covenant of good faith and fair dealing. *Id.* Additionally, Plaintiffs claim they are entitled to attorney's fees under Wyo. Stat. Ann. § 26-15-124(c) and punitive damages. *Id.* This action was removed to federal court based on diversity jurisdiction. Doc. 8, 9.

On May 15, 2019, Homestate filed the instant Motion for Judgment on the Pleadings arguing to the extent it owed a contractual duty in the context of this case, that duty was owed to Rimer under the UIM endorsement of the policy, and Homestate owed no contractual duty to Plaintiffs in adjusting and settling Rimer's claim. As to first-party bad

---

[2] This statute provides, in relevant part, "[a]ny employer . . . failing, neglecting or refusing to make payments required by this act within thirty (3) days of the date due and against whom any injured employee is held entitled to worker's compensation benefits is liable to the state for an amount equal to all awards, both paid and reserved entered for payment to or for the employee under this act. If the employer fails, neglects or refuses to satisfy his liability within the thirty (30) day period, the amount may be recovered by civil action in the name of the director. The entry of final order by the division or hearing examiner approving and allowing an award of compensation is prima facie proof of the liability of an employer failing to comply with this act.

4

faith and breach of the covenants of good faith and fair dealing, Homestate argues it did not breach the contract, and it paid UIM benefits to Rimer under the policy, thus no claim can be stated under these causes of action. Finally, Homestate argues the Woodies should be dismissed because the named insured under the policy is Big Bear, not the Woodies. Thus, the Woodies are not the real parties in interest in this action and have failed to assert any cognizable claim for relief.

In response, Plaintiffs argue Defendant's motion should be converted to a motion for summary judgment because Defendant attaches documents outside the pleadings (i.e., an accident report and a complaint filed by Rimer regarding a monetary dispute). Plaintiffs complain that Homestate failed to notify Plaintiffs of the underlying claim, entered into a settlement agreement with Rimer without the knowledge or consent of Plaintiffs, fully protected Homestate's financial interests through the settlement but failed to protect Plaintiffs' financial interests, and unreasonably denied information requests from Plaintiffs regarding the settlement of the claim. Through this course of action, Plaintiffs argue Homestate forced Plaintiffs into litigation to attempt to preserve their financial interests. Plaintiffs also provide an opinion from their expert concluding Homestate failed to conduct a proper investigation, failed to disclose or notify its insured about the details of the claim and consequential actions of the statement (i.e. the erroneous worker's compensation claim which has put Plaintiffs "in additional harm's way"), and put its own interests above that of its insured, all of which constitutes bad faith.

## Standard for Motion for Judgment on the Pleadings

The standard for a motion for judgment on the pleadings is the same standard applied in considering a motion to dismiss under Rule 12(b)(6). *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1118 (10th Cir. 2005). The court must "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.' To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.* 727 F.3d 1273, 1280 (10th Cir. 2013) (citations omitted).

## Discussion

*1. Exhibits to Homestate's Pleading – Conversation*

Plaintiffs argue the Court should to convert Homestate's motion for judgment on the pleadings to a motion for summary judgment because Homestate attaches an accident report and a complaint filed by Rimer against Big Bear. Plaintiffs do not make any argument that the actual insurance policy cannot be considered by the Court. Indeed, it is at the heart of the claims pled by Plaintiff in the FAC.

It is true "that when a district court relies on material from outside the pleadings, the court converts the motion to dismiss into a motion for summary judgment." *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005). For purposes of deciding the pending matter, the Court has not considered or relied on outside materials in rendering the decision. Therefore, this order is not converted to a summary judgment order. *See Alexander v. Okla.*, 382 F.3d 1206, 1214 (10th Cir. 2004) (holding 12(b)(6) order not converted to

summary judgment order unless district court relied on outside materials in rendering decision).

## 2. Breach of Contract - Duty to Defend

Plaintiffs argue Homestate's failure to inform them of its dealings with Rimer and failure to include Plaintiffs in the settlement discussion exposed them to a large worker's compensation lien by foreclosing their ability to negotiate with the Division concerning the claim for benefits made by or on behalf of Rimer. According to Plaintiffs, Homestate's actions and inactions breached the duty to defend under the policy, and they refer the Court to the policy language, "[t]he tender of the LIMITS OF INSURANCE before judgment or settlement does not relieve us of our duty to defend." Doc. 32-1 at 108.[3]

Other than Plaintiffs' reference to this endorsement in the policy, Plaintiffs make no coherent argument as to why or how this policy language applies to the facts of this case. Homestate did not appear to tender the limits of insurance[4] in its settlement with Rimer. Thus, this policy language does not apply.

Notwithstanding the specific policy language referenced by Plaintiffs, however, "[Wyoming[5]] jurisprudence has established a broad duty to defend:

> The insurer is obligated to afford a defense as long as the alleged claim rationally falls within the policy coverage. The obligation to defend is an independent consideration in liability insurance, and it is invoked by any claim alleged in the complaint that is potentially covered under the policy.

---

[3] Plaintiffs also argue they were bound under the policy to give Homestate notice and this requirement should be mutual. Doc. 33, p. 4. However, Plaintiffs provide no reference to any contractual duty, express or otherwise, which requires Homestate to give them notice of a UIM claim made by an occupant of a covered auto. Therefore, the Court will not consider this argument further.
[4] The Court's understanding of the limit of insurance applicable for UIM claims is $1,000,000.00. Doc. 32-1, p. 76.
[5] This Court has previously concluded that Wyoming law applies in this diversity case. Doc. 16, p. 5.

7

*Shoshone First Bank v. Pacific Employers Insurance Co.*, 2 P.3d 510, 513-14 (Wyo. 2000).

Thus, the issue under the "duty to defend" is whether there is any claim alleged in the complaint that is potentially covered under the policy. There are three "claims" referenced in Plaintiffs' FAC: (1) the UIM claim made by Rimer; (2) the claim by the Division that a lien exists against Plaintiffs as a result of the settlement reached by Rimer and Homestate; and (3) claims pled "in protracted litigation in the matter of *Daniel Rimer v. Big Bear Towing & Repair, LLC; Teton County Civil Action No.* CV-2018-65, in an attempt to protect the business." Doc. 18 at ¶¶ 21, 28 & 33.

Plaintiffs make no argument that Homestate is obligated to afford them a defense as to the second or third claims, nor are there any facts pled that would implicate policy coverage as to these claims. As to the UIM claim made by Rimer, there is no question that this claim is potentially covered under the policy. Homestate adjusted and settled this claim with Rimer.[6] Homestate references the policy language in its argument that Rimer is the insured under the policy because the UIM endorsement specifically addresses "Who is An Insured," and identifies the insured as "[a]nyone . . . 'occupying' a covered 'auto' . . . ". Doc. 32-1, p. 102 ¶ B. Plaintiffs make no allegation that one of them was occupying the covered auto when the collision occurred. Therefore, the Court agrees with Homestate that Rimer was the insured for purposes of the UIM claim. Thus, for "the duty to defend" analysis, the Court's focus must necessarily be on Rimer as the insured.

---

[6] Plaintiffs argue the Division was present in the settlement (the Court assumes the settlement between Rimer and Homestate), so they should have also been included in all proceedings. This argument makes no sense and lacks any reference to or corroboration through the documents Plaintiffs attach to their opposition brief. See Doc. 33-1.

As to the insured, Rimer, there is no allegation by Plaintiffs that Homestate violated its duty to defend Rimer, or left Plaintiffs exposed to unresolved claims by Rimer against them for bodily injury which should have been settled by Homestate. Rather, the argument is that Homestate left Plaintiffs exposed to the Division's claim for recoupment of benefits that the Division paid to or on behalf of Rimer. However, Plaintiffs completely fail to make any allegation or argument that the Division's claim is "potentially covered under the policy" for purposes of implicating the insurer's duty to defend. *Shoshone First Bank*, 2 P.3d at 514. Therefore, the Court agrees with Homestate that Plaintiffs have failed to state a claim against them for breach of contract.

3. *Procedural Bad Faith/Breach of the Covenant of Good Faith and Fair Dealing*

The Woodies argue they have sufficiently pled a bad faith claim because Homestate violated the duty of good faith and fair dealing based on the manner in which it "investigated, handled or denied" the claim. *Sinclair Oil Corp. v. Republic Ins. Co.*, 967 F. Supp. 462, 467 (D. Wyo. 1997) (citing *Hatch v. State Farm Fire and Cas. Co.*, 842 P.2d 1089, 1099 (Wyo. 1992). According to the Woodies, their claim is one of procedural bad faith in how Homestate completely failed to notify and defend its Named Insured as to Rimer's claim and settlement, which essentially foreclosed Plaintiffs' chance to be heard and to participate in the Division's lien release, or even be on any notice of the claim. Plaintiffs argue Homestate violated the obligation of good faith and fair dealing inherent in every insurance contract as established by *Hatch*, which requires Homestate, as the insurer, to give equal or greater consideration to Plaintiffs' interests as it gave its own and Rimer's interests, which it failed to do.

9

*Hatch* stands for the proposition that "breach of an express covenant [in the policy] is not a necessary prerequisite to an action for bad faith." *Hatch*, 842 P.2d at 1099. "[A] plaintiff may simultaneously bring an action both for breach of contract and for bad faith, and need not prevail on the contract claim in order to prevail on the bad faith claim, provided plaintiff proves a breach of the implied covenant of good faith and fair dealing." *Id.* (quoting *Deese v. State Farm Mutual Automobile Insurance Co.*, 838 P.2d 1265-1270 (Ariz. 1992). The Wyoming Supreme Court agreed with the insured in *Hatch* that, "[e]ven if the carrier is able to prove that its denial of the claim is protected by the 'fairly debatable defense' – it should still be subject to liability whenever a jury concludes that the manner in which it investigated, handled or denied the claim violated the implied covenant of good faith and fair dealing." *Id.*

This case arises in the unusual factual setting where the UIM claim was approved and paid, and the insured (Rimer) is neither a party nor making any complaint concerning how the claim was investigated or handled. Further, Plaintiffs have identified no case to suggest a reasonable insurer under the circumstances of adjusting and settling a UIM claim made by an insured, would have acted in some other way toward them under the appropriate objective standard of care to determine bad faith. The tort of bad faith is an intentional one. *Hatch*, 842 P.2d at 1092 (citation omitted). Plaintiffs have pled no facts to even suggest "the absence of honest, intelligent action or consideration based upon a knowledge of the facts and circumstances upon which a decision [by Homestate] in respect to liability was predicated." *Id.* Homestate's liability was only as to the UIM claim made by Rimer. It had no liability for, or duty to investigate or handle any worker's

compensation claim made by the Division, whether it was the Division's claim against the settlement proceeds paid by Homestate to Rimer, or the Division's claim against Plaintiffs.

While Plaintiffs complain that Homestate obtained a release from Rimer as to the Division's lien against the settlement received by Rimer, and failed to consider similar protection for Plaintiffs, this argument lacks merit. Neither Homestate nor Rimer could release the statutory lien which arose only because Big Bear failed to keep its worker's compensation coverage in effect. Further, to suggest that Homestate should not have approved the UIM claim without Plaintiffs' approval (or without Rimer somehow agreeing to indemnify Plaintiffs against their statutory liability under Wyoming's worker's compensation law), would have interfered with the singular duty Homestate owed under the policy to the insured, Rimer, to apply ordinary care and reasonable diligence in handling the claim, and to exercise an honest and informed judgment on the claim made.

Plaintiffs also complain that Homestate's actions forced them into protracted litigation in order to preserve their financial interest. However, the only "protracted litigation" referenced by the FAC is litigation by Rimer against Plaintiffs, and Plaintiffs fail to plead any facts to suggest this litigation relates to any claim arguably covered by the policy.

Finally, Plaintiffs complain that Homestate only provided the "Release" signed by Rimer and unreasonably denied information requests from Plaintiffs regarding the settlement of the claim. Plaintiffs do not identify what additional information they want, or how it relates to any claim arguably covered by the policy. Further, Plaintiffs have

argued no authority for the proposition that they are entitled to "information" on a claim by an insured under the standard applicable to bad faith claims.

In concluding the Court's analysis as to this particular claim pled by Plaintiffs, the Court would note that "[t]he covenant of good faith and fair dealing may not . . . be construed to establish new, independent rights or duties not agreed to by the parties" and "[i]n the absence of evidence of self-dealing or 'breach of community standards of decency, fairness or reasonableness,' the exercise of contractual rights alone will not be considered a breach of the covenant. *Sherer Constr. LLC v. Hedquist Constr., Inc.*, 18 P.3d 645, 654 (Wyo. 2001). The establishment of new, independent rights or duties is exactly what Plaintiffs aim to achieve in this case, in the form of urging the Court to impose duties on Homestate, retroactively and outside any contractual agreement, which would operate to protect and indemnify Plaintiffs from their own negligence if failing to make payments required for coverage under Wyoming's worker's compensation laws.

In short, Plaintiffs' FAC fails to plead sufficient facts under applicable law to state a cognizable claim that Homestate engaged in reckless or intentional action or disregard in adjusting and settling an insured's claim.

## Conclusion

Based on the above analysis and considering the standard for granting motions for judgment on the pleadings together with the authority cited herein, the Court concludes Plaintiffs' FAC states no claim that Homestate breached the insurance policy it issued to Big Bear in adjusting and settling a UIM claim made by Daniel Rimer who was an insured under the terms of the policy. Plaintiffs' complaint that Homestate had a contractual duty

to notify and include them in the adjustment and settlement process with the insured, Rimer, finds no support in the terms of the policy or Wyoming case law. Further, the FAC states no claim that Homestate engaged in procedural bad faith or violated the covenant of good faith a fair dealing by failing to notify and protect Plaintiffs from liability under Wyoming law for recovery by the State of worker's compensation benefits paid to Rimer. That liability arises by operation of law because Big Bear was delinquent in making payments for worker's compensation coverage. It was not a consequence, collateral or otherwise, of Homestate's adjustment and settlement of Rimer's UIM claim. Therefore, Homestate's Motion for Judgment on the Pleadings is granted.

IT IS THEREFORE HEREBY ORDERED that Defendant Berkshire Hathaway Homestate Insurance Company's Motion for Judgment on the Pleadings (Doc. 31) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE.

Dated this 24 day of June, 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE